UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LISA SHAW,

     Plaintiff,

                               CASE NO.:

vs.

GAIL'S TRAVELING ANGELS,
LLC, and GAIL HALL, Individually,

     Defendant.                /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LISA SHAW, ("Plaintiff"), by and through the undersigned attorneys, sues the Defendants, GAIL'S TRAVELING ANGELS, LLC, ("GAIL'S") and GAIL HALL ("HALL") (collectively referred to as "Defendants"), and brings this action for unpaid overtime compensation, minimum wages, liquidated damages, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

### INTRODUCTION

1.     Plaintiff brings this action pursuant to 29 U.S.C. §216(b) and 29 U.S.C. §§206(a) and 207(a).

2.     The Fair Labor Standards Act was passed in 1938. Its principle purpose was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

3.     Section 6(a) of the FLSA requires employers to pay covered employees at

least the statutory minimum wage for all hours worked per workweek.  29 U.S.C. §206 (a).

4.      Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular hourly rate whenever a covered employee works in excess of forty (40) hours per work week. 29 U.S.C. § 207(a).

5.      The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce, that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

6.      To the extent any partial payments have been made by Defendants to Plaintiff of the disputed amounts at the time of the filing of this complaint, this action seeks to recover judgment in favor of Plaintiff and against Defendants as well as all remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs. *Id.*

7.      Defendants have violated and continue to violate the FLSA by misclassifying its home health aides as "independent contractors" and refusing to pay them a livable wage.

8.      Misclassification of employees as independent contractors "deprives employees of critical workplace protections and employment benefits to which they are

legally entitled."[1]

9.     Misclassification of workers also costs the government billions of dollars in unpaid taxes.[2]

10.    Due to the rise in misclassification among the American workforce, the Department of Labor's Wage and Hour Division has launched a nationwide "Misclassification Initiative." *See* http://www.dol.gov/whd/workers/misclassification/.

11.    Defendants' misclassification of Plaintiff puts law-abiding companies at a competitive disadvantage.[3]

## JURISDICTION AND VENUE

12.    Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, minimum wages, an additional equal amount as liquidated damages and reasonable attorney's fees and costs.

13.    This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

14.    At all times material hereto, Plaintiff was a resident of Jackson County, Florida.

---

[1] Statement of Secretary of Labor Hilda L. Solis on introduction of legislation regarding issue of misclassification, U.S. Department of Labor, Wage and Hour Division (April 22, 2010), *available online at* www.dol.gov.

[2] Annual Report of the White House Task Force on the Middle Class, Executive Summary at "v" (February 2010), available online at http://www.whitehouse.gov/strongmiddleclass/reports.

[3] *See supra* note 2 at pg. 21.

15.     Defendant, GAIL'S, conducts business in, Jackson County, Florida, therefore venue is proper in the Northern District of Florida, Panama City Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## PARTIES

16.     Defendant, GAIL'S, a Florida Profit Corporation, is in the business of operating a companion services company located at 5022 White Oak Drive, Marianna, Florida 32446.

17.     At all times relevant to this action, HALL was an individual resident of the State of Florida, who owned and/or operated GAIL'S, and who regularly exercised the authority to: (a) hire and fire employees of GAIL'S; (b) determine the work and pay schedules for the employees of GAIL'S; (c) control the finances and operations of GAIL'S; and (d) was responsible for the overall business operations of GAIL'S.

18.     Plaintiff was employed by Defendants as an hourly paid home health aide from on or around January 2007 through 2010 then from 2011 through January 2019.

## COVERAGE

19.     At all material times, Defendant, GAIL'S was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

20.     At all material times, Defendants were "employers" as defined by 29 U.S.C. § 203(d).

21.     Based upon information and belief, GAIL'S has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated) during the relevant time periods.

22.     At all times material, Defendant, GAIL'S has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

    a.  Engaged in commerce; or

    b.  Engaged in the production of goods for commerce; or

    c.  Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. medical supplies, computers, and/or office supplies).

23.     Therefore, GAILS's is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## **GENERAL ALLEGATIONS**

24.     Defendant, GAIL'S, is a company classified as a company licensed to provide homemaker and companion services.

25.     Defendants were "employers" of Plaintiff within the meaning of the FLSA.

26.     Plaintiff was an employee of Defendants within the meaning of the FLSA.

27.     Plaintiff was given the title of "home health aide" during her employment with Defendants.

28.     Plaintiff performed home health aide duties for Defendants from on or around January 2007 through 2010 then again from 2011 through January 2019.

29.     Throughout her employment, Plaintiff earned an hourly rate in exchange for work performed for Defendants.

30.     During the relevant time period (last three years) Plaintiff regularly worked in excess of forty (40) hours per week during her employment with Defendants.

31.     Despite working more than forty (40) hours per week during one or more workweeks during the relevant time period (last three years), Defendants failed to pay Plaintiff overtime compensation at a rate of time and one-half times her regular rate of pay for hours worked over forty (40) in a workweek, contrary to §207(a) of the FLSA.

32.     As a result, Plaintiff did not earn proper overtime compensation for all overtime hours worked during some of her work weeks while employed by Defendants.

33.     Defendants also failed to pay the proper minimum wage rate to Plaintiff during one or more workweeks during the relevant time period (last three years).

34.     Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime and minimum wage compensation to Plaintiff.

35.     Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

36.     Defendants had acted willfully in failing to pay Plaintiff in accordance with the law.

37.     Defendants failed to maintain proper time records as mandated by law.

38.     Defendants failed to post informational posters as required by law advising its employees of their rights under the FLSA.

## COUNT I - RECOVERY OF MINIMUM WAGES (FEDERAL)

39.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-38 above.

40.     Plaintiff was entitled to earn the statutory minimum wage rate for all hours worked per week while employed as a non-exempt employee for Defendants pursuant to the FLSA.

41.     Plaintiff is entitled to receive the applicable statutory Florida minimum wage rate for all hours worked during her employment with Defendants pursuant to 29 C.F.R. 778.5.

42.     Defendants failed to compensate Plaintiff at the applicable statutory minimum wage rate for all hours worked per week during one or more workweeks during the relevant time period (last three years).

43.     Defendants were aware of the laws which required that its employees be paid at least the statutory minimum wage for all hours worked per workweek.

44.     Despite its knowledge of these laws, Defendants violated the FLSA's provision on minimum wages (29 U.S.C. §206).

45.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. 255(a).

46.     As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff her proper minimum wages during one or more workweeks, Plaintiff has suffered damages, plus incurring reasonable attorneys' fees and costs.

47.     As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

48.     Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants;

      a.  Awarding Plaintiff her unpaid minimum wages as allowable under the statute of limitations;

      b.  Awarding liquidated damages in an amount equal to the minimum wage award, or alternatively, awarding pre-judgment interest;

      c.  Awarding reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); and

      d.  Ordering any other further relief the Court deems just and proper.

## COUNT II - RECOVERY OF OVERTIME COMPENSATION

49.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-38 above.

50.     Plaintiff was entitled to be paid time and one-half of her regular rate of pay for each hour worked in excess of forty (40) per workweek.

51.     During the relevant time period (last three years) during her employment with Defendants, Plaintiff worked overtime hours without receiving time and one-half compensation for same during one or more workweeks contrary to the FLSA.  Attached as **Exhibit "A"** are examples of pay periods where Plaintiff did not receive time and one-

half of her regular rate of pay for all hours exceeding (40) in those workweeks. Specifically, during the week of December 31, 2016 to January 6, 2017, Plaintiff worked a total of eighty-six (86) hours and only received her regular rate of pay for all hours worked. Additionally, during the week of November 10, 2018 through November 16, 2018, Plaintiff worked eighty-four (84) hours and only received her regular rate of pay for all hours worked.

52.     Plaintiff should have earned time and one-half compensation for each hour worked in excess of forty (40) hours per workweek.

53.     Defendants had knowledge of the overtime hours worked by Plaintiff.

54.     Defendants are aware of the laws which require its employees to be paid overtime compensation on a week by week basis.

55.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. 255(a).

56.     As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff her proper overtime wages during one or more workweeks, Plaintiff has suffered damages, plus incurring reasonable attorneys' fees and costs.

57.     As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

58.     Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants;

a.  Awarding Plaintiff overtime compensation in the amount due to her for the time worked in excess of forty (40) hours per workweek as allowable under the statute of limitations;

b.  Awarding Plaintiff liquidated damages in an amount equal to the overtime award, or alternatively, awarding pre-judgment interest;

c.  Awarding reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); and

d.  Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: 4/15/19

Kimberly De Arcangelis, Esquire
Bar No.: 025871
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
Orlando, FL 32802-4979
Telephone:      (407) 420-1414
Facsimile:      (407) 245-3383
Email: KimD@forthepeople.com
Attorneys for Plaintiff