IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION
CASE NO. 5:19-cv-00104-MCR-MJF

LISA SHAW,

    Plaintiff,

vs.

GAIL'S TRAVELING ANGELS, LLC,
a Florida limited liability company
and GAIL HALL individually

    Defendants.

---

## ANSWER

The Defendants, Gail Hall ("Hall") and Gail's Traveling Angels LLC ("LLC"), respond to the Plaintiff's complaint as follows:

1. Admitted for purposes of jurisdiction only.

2. Admitted FLSA was passed in 1938. The balance of the paragraph is pled in the form of a conclusion and requires no response.

3. Admitted

4. Admitted

5. This paragraph is pled in the form of a conclusion and requires no response.

6. This paragraph is a prayer for relief and contains no facts to which defendants can admit or deny.

7. Denied

8. This paragraph is pled in the form of a conclusion and requires no response.

9. This paragraph is pled in the form of a conclusion and requires no response.

10. This paragraph is pled in the form of a conclusion and requires no response.

11. This paragraph is pled in the form of a conclusion and requires no response.

## JURISDICTION AND VENUE

12. Admitted for purposes of jurisdiction only

13. Admitted for purposes of jurisdiction only.

14. Admitted for purposes of jurisdiction only.

15. Admitted for purposes of venue only.

## PARTIES

16. Admitted

17. Admitted Hall was the Managing Member of the LLC; The balance of the paragraph is denied.

18. Denied.

## COVERAGE

19. Denied

20. Denied

21. Denied.

22. Denied

23. This paragraph is pled in the form of a conclusion and requires no response.

## GENERAL ALLEGATIONS

24. Admitted the LLC is licensed to provide in home services.

25. Denied

26. Denied

27. Denied

28. Denied

29. Denied plaintiff was employed. Admitted plaintiff's compensation was based on the number of hours spent servicing clients of the LLC.

30. Admitted on occasion plaintiff submitted verification for in excess of 40 hours spent servicing clients of the LLC during a single work week.

31. Admitted plaintiff was not paid overtime. The balance of the paragraph is denied,

32. This paragraph is pled in the form of a conclusion and requires no response.

33. Denied

34. Denied.

35. Denied

36. Denied

37. Denied

38. Denied

## COUNT I

39. Response to paragraphs 1-38 are reincorporated in response to this paragraph

40. Denied.

41. Denied

42. Denied

43. Denied

44. Denied

45. Denied

46. Denied

47. Denied

48. Denied

## COUNT II

49. Response to paragraphs 1-38 are incorporated in response to this paragraph.

50. Denied

51. Denied.

52. Denied

53. Denied

54. Denied

55. Denied

56. Denied

57. Denied

58. Denied

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff was at all times an independent contractor. Factors used in making the determination include but are not limited to the following: Purported employer did not control plaintiff's work, the number of hours worked, or the manner in which services were provided. Plaintiff provided substitute caregivers and was free to expand her services to clients that were not clients of the LLC. Plaintiff alone determined if additional personal were needed to service a particular client and was not required to work in excess of 40 hours per work week. Plaintiff was not required to accept assignments, worked when and if she chooses to, and provided all services at the residence of the client.

### Second Affirmative Defense

Plaintiff's claim is barred in that the gross income of the LLC was less than the monetary threshold required under 29 USC § 203.

### Third Affirmative Defense

Defendant LLC is not an enterprise operating for business purposes within the meaning of FSLA in that the business does not engage in interstate commerce.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed electronically with the Court using CM/ECF and a copy has been served via transmission of Notice of Electronic Filing generated by CM/ECF to all counsel of record including Kimberly De Arcangelis, Esq., Attorney for Plaintiff, kimd@forthepeople.com; 20 N. Orange Ave., 16th Floor, Orlando Fl 32802-4979 on this 27th day of May, 2019.

Daniel Harmon III
Florida Bar No.: 0544078
23 E. Eighth Street
Panama City, Florida 32401
(850) 249-2231
dharmon@knology.net
ATTORNEY FOR DEFENDANTS